UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Juliana Stines, *on behalf of herself and others similarly situated*, | ) Case No: <br> ) <br> ) CLASS ACTION COMPLAINT <br> ) |
| Plaintiff, | ) <br> ) JURY TRIAL DEMANDED |
| v. | ) <br> ) |
| Nationwide Credit, Inc., | ) <br> ) |
| Defendant. | ) |

**Nature of this Action**

1. Juliana Stines ("Plaintiff") brings this class action against Nationwide Credit, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> *****
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other

1

radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or an artificial or prerecorded voice to place non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that it places autodialed calls to wrong or reassigned cellular telephone numbers.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendant transacts business in this district, is headquartered in this district, and as a substantial part of the events giving rise to this action occurred in this district.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Luzerne, Pennsylvania.

7. Defendant is based in Atlanta, Georgia.

8. Defendant is owned by Altisource Portfolio Solutions S.A. (NASDAQ:ASPS).

9. Defendant describes itself as "a global provider of customer relationship and accounts receivable management services."[1]

10. To that end, Defendant states:

Since 1947, Nationwide Credit® (NCI) has helped companies remove the burden of unpaid invoices. Our Doctorates in Consumer Psychology and Statistics develop, refine and deploy customized solutions through our proprietary dialogue engine allowing us to generate optimal liquidity rates and produce more dollars collected. Some of the most respected companies have partnered with us to maximize returns, enhance their brand and improve processes to achieve their goals. Let NCI assume the responsibility of collecting the debt owed to you so that you can focus on your core business.[2]

11. Defendant states that it is "licensed, bonded or otherwise authorized to collect delinquent and defaulted accounts in all states."[3]

12. Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, no. 090103, which it first obtained in 2009 and last renewed in February 2019.

---

[1] https://www.ncirm.com/AboutUs/OurCompany.aspx (last visited Feb. 19, 2019).

[2] https://www.ncirm.com/Services/AccountsReceivableManagement.aspx (last visited Feb. 19, 2019).

[3] https://www.ncirm.com/AboutUs/LicensingandProfessionalAffiliations.aspx (last visited Feb. 19, 2019).

13. Defendant, through its filings with the Public Utility Commission of Texas, states that its Automatic Dial Announcing Devices are physically located in Norcross, Georgia, Tempe, Arizona, and with third-party Live Vox, Inc.

## Factual Allegations

14. Beginning in approximately September 2018, Defendant placed more than 10 telephone calls to Plaintiff's cellular telephone number—(570)-XXX-1547.

15. Plaintiff is the customary user of her cellular telephone number.

16. Plaintiff has had her cellular telephone number, continuously, for approximately 10 years.

17. Defendant placed its calls to Plaintiff's cellular telephone number from a host of telephone numbers, including (678) 369-9874, 678-369-9925, 678-369-9968, 678-293-9643, 678-293-9735, 678-809-5071, 678-809-6135, 678-809-6175, 678-369-2548, and 678-369-9136, each of which is assigned to Defendant.

18. Upon placing outbound calls to telephone numbers (678) 369-9874, 678-369-9925, 678-369-9968, 678-293-9643, 678-293-9735, 678-809-5071, 678-809-6135, 678-809-6175, 678-369-2548, and 678-369-9136, a prerecorded message states, "You are on a recorded line. Thank you for calling Nationwide Credit, Inc. . . . ."

19. As a result of Defendant's unwanted calls, Plaintiff went to Defendant's website and submitted a form to let Defendant know that it was calling a wrong number and to stop calling.

20. No matter, Defendant's calls to Plaintiff's cellular telephone number continued.

21. Plaintiff answered at least one of Defendant's calls to her cellular telephone number.

22. Upon answering Defendant's call, Plaintiff experienced a noticeable delay before one of Defendant's representatives greeted her.

23. During her call with Defendant, Plaintiff again informed Defendant that it was calling a wrong number and to stop calling.

24. Plaintiff does not know the person Defendant was looking for when it placed calls to her cellular telephone number.

25. Upon information and good faith belief, Defendant's records will show each call it placed, or caused to be placed, to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including that the calls originated from a host of different telephone numbers and that Plaintiff experienced a noticeable delay after she answered one of Defendant's calls but before Defendant's

representative greeted her, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including that the calls originated from a host of different telephone numbers, and that Plaintiff experienced a noticeable delay after she answered one of Defendant's calls but before Defendant's representative greeted her, Defendant placed its calls to Plaintiff's cellular telephone number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including that the calls originated from a host of different telephone numbers and that Plaintiff experienced a noticeable delay after she answered one of Defendant's calls but before Defendant's representative greeted her, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be

6

available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for the purpose of attempting to collect a debt from someone Plaintiff does not know.

31. Plaintiff does not owe any debts that Defendant is attempting to collect.

32. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

33. Upon information and good faith belief, Defendant placed the calls to Plaintiff's cellular telephone number under its own free will.

34. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

35. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

36. Plaintiff is not, nor was, one of Defendant's customers.

37. Plaintiff does not, nor did, have a business relationship with Defendant.

38. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

39. Plaintiff suffered actual harm as a result of Defendant's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

40. As well, Defendant's calls unnecessarily tied up Plaintiff's cellular telephone line.

41. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or

prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it calls wrong or reassigned cellular telephone numbers.

## Class Action Allegations

42. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Nationwide Credit, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Nationwide Credit, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.

43. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

44. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

45. The exact number of members of the class is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

46. The proposed class is ascertainable because it is defined by reference to objective criteria.

47. In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

48. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

49. Like all members of the proposed class, Plaintiff received autodialed calls from Defendant, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

50. Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

51. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the class that she seeks to represent.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

53. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make

it impracticable for the members of the class to individually redress the wrongs done to them.

54. There will be little difficulty in the management of this action as a class action.

55. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

56. Among the issues of law and fact common to the class are:

   a. Defendant's violations of the TCPA;

   b. Defendant's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;

   c. Defendant's practice of calling wrong or reassigned cellular telephone numbers; and

   d. the availability of statutory damages.

57. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

58. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-57.

59. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

60. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class are entitled to damages in an amount to be proven at trial.

## Trial by Jury

61. Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed class without prior express consent;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

Date: February 27, 2019	*/s/ Shireen Hormozdi*
Shireen Hormozdi
1770 Indian Trail Lilburn Road
Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@norcrosslawfirm.com

Gary M. Klinger*
Kozonis & Klinger, Ltd.
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Telephone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Michael L. Greenwald*
Greenwald Davidson Radbil PLLC

5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@gdrlawfirm.com

*to seek admission *pro hac vice*

Counsel for Plaintiff and the proposed class

14